```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MICHIGAN
                          SOUTHERN DIVISION
```

J & M SIDEWINDERS, INC.,
                                                                     CIVIL CASE NO. 05-40094
              Plaintiff,

                                                   HONORABLE PAUL V. GADOLA
v.                                          U.S. DISTRICT JUDGE

VALEO SYLVANIA, L.L.C.,

              Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Before the Court is Defendant's "motion to dismiss and for summary judgment," which was accepted for filing on June 21, 2005. The proof of service for Defendant's motion indicates that it was served on Plaintiff on the same day. A response to the motion was due within twenty-one days of service of the motion. E.D. Mich. Local R. 7.1(d)(1)(B). Accordingly, the response to this motion was due on approximately July 15, 2005. Plaintiff did not file a timely response. Plaintiff did file a response on July 25, 2005. Although this filing is untimely, the Court will consider the submission in the interest of justice. E.D. Mich. Local R. 1.2 ("For good cause shown, for a particular matter, any Judge of this Court may temporarily suspend the operation of the Rules.").

Plaintiff's tardy, three-page response brief does not present any arguments against the merits of Defendant's motion, instead complaining that Defendant is allegedly not responding to requests

for disclosure or information.  Plaintiff argues that Defendant "has failed and otherwise refused to provide any information that would assist Plaintiff in identifying the proper party." Pl. Resp. at 2.  Defendant's motion, however, is not premised on the fact that Defendant is an incorrect party.  The Court considers Defendant's motion to involve legal issues that do not require the disclosures mentioned in order for Plaintiff to respond to the legal arguments.  Furthermore, Plaintiff's response does not request an opportunity for supplemental briefing or an extension of time to respond to the substance of the motion.  The Court will therefore proceed to address the legal issues at this time, without further response from Plaintiff.

Defendant removed this action to federal court based on the Court's diversity jurisdiction.  Plaintiff brings state law claims against Defendant for breach of implied in fact contract, unjust enrichment, misappropriation, conversion, and unfair competition under Michigan law.  Each of these state law claims relates to Defendant's alleged use of Plaintiff's patented design for an adjustable automobile headlight that moves with the steering of the vehicle.

Defendant argues that Plaintiff's claims are preempted by federal patent laws.  The Sixth Circuit has instructed that "preemption of state law [] is highly dependent upon the facts

presented and the claims actually pled by the parties." Murray Hill Publ'ns, Inc. v. ABC Communications, Inc., 264 F.3d 622, 636 (6th Cir. 2001). In this case, each of Plaintiff's state law claims allege that Defendant is using Plaintiff's technology without compensation. Plaintiff's state law claims appear equivalent to claims for patent infringement.[1]

A court in this district has previously concluded that a plaintiff's state law claims for unfair competition and misappropriation "are preempted by federal patent law." Nagle Indus., Inc. v. Ford Motor Co., 173 F.R.D. 448, 452 (E.D. Mich. 1997).

The Sixth Circuit has explained that

> The rationale [for preemption] is that in such situations the federal statutory laws 'supersede both the substantive and remedial provision of state' law creating a strong form of federal preemption -- presumably because of the additional need for a strong form of national uniformity implied by Congress when it made federal court jurisdiction exclusive after broadly preempting state law.

Ritchie v. Williams, 395 F.3d 283, 286 (6th Cir. 2005) (applying preemption doctrine in copyright context). The need for national uniformity applies in the patent context as well as the copyright

---

[1] Although Plaintiff does not bring claims for patent infringement, patent 5,868,488 applies to the technology at issue. See Def. Ex. B. As Defendant points out, this patent appears to have expired for failure to pay a patent maintenance fee as required by 35 U.S.C. § 41. See Def. Ex. D.

context. The Supreme Court has stated that "state regulation of intellectual property must yield to the extent that it clashes with the balance struck by Congress in our patent laws." Bonito Boats, Inc. v. Thunder Craft Boats, Inc., 489 U.S. 141, 152 (1989). Having reviewed the filings in this matter, the Court concludes that Plaintiff's claims attempt to circumvent the patent laws of the United States and are accordingly preempted. See Def. Br. at 3-7.

Alternatively, even if the claims were not preempted by federal law, Plaintiff's claims for unjust enrichment, misappropriation, conversion, and unfair competition are barred by the statute of limitations. These claims are each subject to a three year statute of limitations. See Mich. Comp. Laws 600.5805(10). Plaintiff's complaint was filed on February 22, 2005. Therefore, the complained of actions would need to have occurred on February 22, 2002 or later. Defendant's motion argues that Plaintiff's claims arose between December 1996 and March 1998. Plaintiff's response does not contest this. See also Pl. Compl. at ¶¶ 7-8, 11.

If Plaintiff had responded to the substance of Defendant's motion, Plaintiff might have argued that the "discovery rule," tolled the statute of limitations. In Michigan, "[t]he discovery rule provides that the limitations period 'does not begin to run

4

until the plaintiff discovers, or through the exercise of reasonable diligence should have discovered, that he had a possible cause of action.'" Bliss Clearing Niagara, Inc. v. Midwest Brake Bond Co., 270 F. Supp. 2d 943, 951 (W.D. Mich. 2003)(citing and quoting Thomas v. Process Equip. Corp., 154 Mich. App. 78, 88, 397 N.W.2d 224, 228 (1986)). The Michigan Supreme Court has advised that "in deciding whether to strictly enforce a period of limitation or impose the discovery rule, [a court] must carefully balance when the plaintiff learned of her injuries, whether she was given a fair opportunity to bring her suit, and whether defendant's equitable interest would be unfairly prejudiced by tolling the statute of limitations." Stephens v. Dixon, 449 Mich. 531, 536, 536 N.W.2d 755, 757 (1995).

The Michigan Court of Appeals has concluded that plaintiffs bringing commercial conversion claims may not rely on the discovery rule for tolling of the statute of limitations. Brennan v. Edward D. Jones & Co., 245 Mich. App. 156, 626 N.W.2d 917 (2001). The Brennan panel noted that "strong public policies favoring finality in commercial transactions, protecting a defendant from stale claims, and requiring a plaintiff to diligently pursue his claim outweigh the prejudice to plaintiffs and militate against applying the discovery rule in the context of commercial conversion cases." Id. at 160, 920. Following the reasoning in Brennan, this Court

concludes that the discovery rule does not apply in this case. Consequently, the statute of limitations therefore bars Plaintiff's claims for unjust enrichment, misappropriation, conversion, and unfair competition.  See Def. Br. at 7-9.

Finally, the Court concludes that Plaintiff's claim for breach of an implied in fact contract fails to state a claim on which relief may be granted.  Specifically, Plaintiff did not allege the required element of a meeting of the minds.  See Def. Br. at 9-11; Murray Hill Publ'ns, Inc. v. ABC Communications, Inc., 264 F.3d 622, 636 (6th Cir. 2001).

In conclusion, based on federal preemption, the Court will grant Defendant's motion to dismiss.  Alternatively, the Court concludes that Plaintiff's claims for unjust enrichment, misappropriation, conversion, and unfair competition are barred by the statute of limitations, and that Plaintiff's claim for breach of an implied in fact contract fails to state a claim upon which relief may be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendant's motion to

dismiss [docket entry 9] is **GRANTED** and this case 05-40094 is hereby **DISMISSED**.

    **SO ORDERED.**

Dated: July 28, 2005    <u>s/Paul V. Gadola</u>
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on ___July 28, 2005___ , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:___Scott L. Gorland; James D. VandeWyngearde___ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ___Marc G. Beginin; Stuart A. Lebenbom___ .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845